# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BARBARA VANCE, as Personal )
Representative of the Estate )
of JOYCE JESSIE, Deceased, )
)
      Plaintiff, )
)
v. ) No. CIV-10-282-FHS
)
MCCURTAIN MEMORIAL HOSPITAL, )
MCCURTAIN MEMORIAL MEDICAL )
MANAGEMENT, INC., and )
WILLIAM J. HARRISON, D.O., )
and CREATE A STOREHOUSE, )
L.L.C. )
)
      Defendants. )

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Remand (Dkt. No. 6) pursuant to 28 U.S.C. § 1447(c). Plaintiff contends this medical malpractice action should be remanded to the District Court of McCurtain County, Oklahoma, as federal question jurisdiction pursuant to 28 U.S.C. § 1331 does not exist. Defendant, McCurtain Memorial Medical Management, Inc., d/b/a McCurtain Memorial Hospital ("MMH"), removed this action on July 29, 2010, claiming this Court has federal question jurisdiction because Plaintiff has pursued a claim against MMH under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et seq*. For the reasons stated below, the Court finds the removal of this action was inappropriate. This action should be remanded to the District Court of McCurtain County, Oklahoma.

1

**BACKGROUND**

On October 28, 2008, Plaintiff filed a Petition in the District Court of McCurtain County, Oklahoma, against MMH and Defendant, William J. Harrison, D.O. ("Harrison"), alleging the defendants' medical negligence resulted in the wrongful death of Joyce Jessie on March 13, 2007. On March 2, 2009, Plaintiff filed an Amended Petition asserting the same medical negligence claims and adding Create A Storehouse, L.L.C. ("Storehouse") as a defendant. As acknowledged by MMH, neither the Petition nor the Amended Petition contain any allegations supporting the exercise of federal court jurisdiction. In particular, neither the Petition nor the Amended Petition include any claim for violations of EMTALA.

On June 17, 2010, MMH filed a motion to strike the testimony of Plaintiff's expert, Dr. Robert Bitterman ("Dr. Bitterman"), on the basis that Dr. Bitterman did not provide any medical standard of care testimony during his deposition.[1] MMH contended that Dr. Bitterman's testimony should have been stricken because Dr. Bitterman, an emergency medicine/EMTALA expert, only testified as to MMH's policies and procedures designed to comply with EMTALA. Because Dr. Bitterman did not testify as to the standard of care provided by MMH and because no EMTALA claim was presented on the face of either the Petition or the Amended Petition, MMH moved to strike Dr. Bitterman's testimony. In her response filed on July 2, 2010, Plaintiff stated that Dr. Bitterman's testimony was clearly proper in that she was asserting MMH violated EMTALA and her **"EMTALA CLAIM IS A SEPARATE FULLY SUPPORTED ELEMENT OF HER CASE."**

---

[1] MMH, Harrison, and Storehouse also moved for summary judgment.

Plaintiff's Response to Motion to Strike, p. 3 (Exhibit 3 to MMH's Response to Plaintiff's Motion to Remand (Dkt. No. 7))(emphasis in original). On July 12, 2010, Judge Willard Driesel of the District Court of McCurtain County, Oklahoma, conducted a hearing on the Motion to Strike. At the hearing, Plaintiff clarified her position by stating that her claims were limited to those brought under state common law and that she did not intend to pursue any claims under EMTALA. At the conclusion of the hearing, Judge Driesel denied MMH's Motion to Strike and found that "[n]o cause of action under federal law is stated" by Plaintiff.[2]

**ANALYSIS**

In support of her request for remand, Plaintiff argues that this action does not "arise[] under the Constitution, laws, or treaties of the United States" for purposes of federal question jurisdiction under 28 U.S.C. § 1331 as she has asserted only state law claims for medical negligence.[3] Plaintiff contends she has

---

[2] The motions for summary judgment filed by MMH, Harrison, and Storehouse were also denied.

[3] The Court notes the failure of Defendants Harrison and Storehouse to join in the removal. Generally, a remand is appropriate if all defendants have not joined in the removal petition. Akin v. Ashland Chemical Co., 156 F.3d 1030, 1034 (10th Cir. 1998). An exception to this "unanimity rule," however, allows for removal without unanimous joinder under circumstances involving a separate and independent claim conferring federal question jurisdiction. 28 U.S.C. § 1441(c); see Urban Renewal Authority of City of Trinidad, Colo. v. Daugherty, 271 F.Supp. 729, 731 (D. Colo. 1967)("recognized exception [to unanimity rule] permits removal without unanimous joinder where the claims are separate and independent"). An EMTALA claim supporting federal question jurisdiction would be limited to MMH, as a participating hospital, and thus it would qualify as a separate and independent claim from those asserted against Harrison and Storehouse. Under those circumstances,

chosen not to bring any claims against MMH under EMTALA as evidenced by both the Petition and Amended Petition filed in the state court and her declarative statement before the state court that she did not intend to pursue any EMTALA claims. Plaintiff argues that under the "well-pleaded complaint" rule she is the master of her complaint and she is entitled to avoid federal court jurisdiction by asserting only state law medical negligence claims against Defendants. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)(plaintiff is the "master of the claim" and may prevent removal by choosing not to plead an available federal claim). In response, MMH contends Plaintiff's use of purported EMTALA violations to support her common law medical negligence claims is a "thinly veiled attempt to circumvent federal jurisdiction" and under the "complete preemption" doctrine any analysis and interpretation of a purported EMTALA regulation, arising from the testimony of Dr. Bitterman, invests this Court with subject matter jurisdiction.

Under the "well-pleaded complaint" rule for evaluating whether a case arises under federal law, removal is proper "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908). In this matter, it is clear that no federal claim appears on the face of either Plaintiff's state court Petition or Amended Petition as neither document contains any reference to the "Constitution, laws, or treaties of the United States," including EMTALA. Plaintiff has asserted purely state law claims for medical negligence in her Petition and Amended Petition; consequently, this Court is without subject matter

---

joinder in the removal petition by Harrison and Storehouse is not necessary.

jurisdiction based on Plaintiff's well-pleaded complaint.

The doctrine of "complete preemption" operates as an exception or corollary to the "well-pleaded complaint" rule and authorizes removal jurisdiction under certain rare circumstances where "the preemptive power of a statute is so 'extraordinary' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Lamm v. Bekins Van Lines Co., 139 F.Supp.2d 1300, 1304 (M.D. Ala. 2001)(citing Metropolitan Life Insurance Company v. Taylor, 482 U.S. 58, 65 (1987)). Thus, this court must decide whether EMTALA is completely preemptive of Plaintiff's state law medical negligence claims. See Schmeling v. Nordham, 97 F.3d 1336, 1338 (10th Cir. 1996)(propriety of removal jurisdiction in case where state court petition raises no federal question claims hinges on whether federal law asserted by defendant "completely" preempts the state law claims, as opposed to whether the defendant's "ordinary" preemption defense constitutes a valid defense to the state law claims).

In Schmeling, the Tenth Circuit Court of Appeals adopted a two-part test for determining whether removal of a case is proper under the "complete preemption" rule. Id. at 1343. Under this test, the court evaluates (1) whether the federal law preempts the state laws relied on and (2) whether Congress has provided a federal cause of action to enforce the federal law, thus revealing an intent to allow removal in such cases. Id. While an intent to allow removal of cases asserting EMTALA claims can be found in the statute's provision for a cause of action relating to screening, stabilizing treatment, and transfer violations, 42 U.S.C. §

5

1395dd(d)(2)(A)[4], EMTALA's provision regarding the interplay with state law unequivocally demonstrates that EMTALA does not preempt state medical negligence laws, to the extent that such laws do not conflict with EMTALA regulations. In this respect, 42 U.S.C. § 1395dd(f) provides:

> (f) Preemption
> The provisions of this section do not preempt any State or local law requirement, except to the extent that the requirement directly conflicts with a requirement of this section.

This provision of EMTALA "makes pellucidly clear that Congress had no intention of providing the exclusive cause of action for claims relating to screening, stabilizing treatment, and transfer restrictions for persons with emergency medical conditions or who are in labor when it enacted EMTALA." McCullough v. River Region Medical Center, 2008 WL 2157118 (S.D. Miss. 2008). Rather than being completely preemptive of state law claims covering the same subject, "EMTALA is complementary to state tort remedies for malpractice in the sense that it 'create[s] a remedy for patients in certain contexts in which a claim under state medical malpractice law was not available.'" Zinn v. Valley View Hospital, 2010 WL 301860 (E.D. Okla. 2010)(quoting Reynolds v. Maine General Health, 218 F.3d 78, 83 (1st Cir. 2000)). Consequently, since EMTALA does not completely preempt state medical negligence claims, MMH's removal of Plaintiff's state medical negligence claims was improper. See McCullough, 2008 WL 2157118 (removal of medical negligence claim based on allegations of EMTALA violations

---

[4] Section 1395dd(d)(2)(A) authorizes a private right of action to "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section."

6

contained in expert designation and discovery responses not proper as EMTALA is not completely preemptive of state law claims).

Finally, to the extent MMH is arguing that Plaintiff's claims arise under federal law because they depend on the resolution of a substantial question of federal law, i.e. EMTALA regulations for the provision of care in hospital emergency rooms, removal is nonetheless inappropriate. In limited circumstances, jurisdiction may be triggered in federal court over "federal issues embedded in state-law claims." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg'g</u>, 545 U.S. 308, 314 (2005). Under <u>Grable</u>, federal jurisdiction over a state law claim which implicates federal issues is appropriate if such claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Id</u>. This standard is met in only a "special and small category" of cases. <u>Empire Healthchoice Assurance, Inc. v. McVeigh</u>, 547 U.S. 677, 699 92006). This is not such a case as no substantial question of federal law is present. Here, Plaintiff's state law medical negligence claims are not dependent on the resolution of the appropriate interpretation and relevance of EMTALA regulations governing emergency room procedures. Plaintiff may ultimately prevail on her medical negligence claims by relying on expert standard of care testimony unrelated to EMTALA requirements. <u>See Sercye-McCollum v. Ravenswood Hospital Medical Center</u>, 140 F.Supp.2d 944, 946 (N.D. Ill. 2001)(use of EMTALA violation to support state law medical negligence claims does not justify removal as "plaintiffs need not prove that defendants violated the EMTALA in order to prevail"). To the extent issues of interpretation and relevance need to be resolved in the context of EMTALA regulations, however, the state court is quite competent to

7

resolve those issues. The mere mention of EMTALA regulations in the state court proceedings, or the fact that such regulations may need to be interpreted by the state court, does not necessarily equate with the existence of a substantial question of federal law. See Williams v. Edcare Management, Inc., 2008 WL 4755744, at *6 (E.D. Tex.)(where state court petition asserts traditional common law claims, federal question jurisdiction not conferred "[e]ven if Plaintiff's causes of action require the court to interpret EMTALA") and First Pryority Bank v. F&M Bank & Trust Company, 2010 WL 3547431 (N.D. Okla.)(interpretation and application of federal banking regulation does not equate with substantial federal issue in action for common law conversion). To hold otherwise would result in the balance between federal and state court responsibilities being disturbed by the opening of federal courts to any state court action touching upon or mentioning federal law. Id. at *5, n. 9.

## CONCLUSION

Based on the forgoing reasons, Plaintiff's Motion to Remand (Dkt. No. 6) is granted. The Clerk of the Court is directed to remand this case to the District Court of McCurtain County, Oklahoma.

It is so ordered this 4th day of October, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma